FILED
2013 Nov-08  PM 02:32
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| ANTWAIN VONTELL MAYE, | ) |
| | ) |
| Plaintiff , | ) |
| | ) |
| v. | ) Case No. 2:12-cv-02712-RDP-TMP |
| | ) |
| COMMISSIONER KIM THOMAS, *et al.,* | ) |
| | ) |
| Defendants. | ) |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Antwain Vontell Maye, has filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 alleging that rights, privileges, or immunities afforded him under the Constitution or laws of the United States have been abridged during his incarceration at W.E. Donaldson Correctional Facility in Bessemer, Alabama. Plaintiff names as defendants Alabama Department of Corrections Commissioner Kim Thomas, Warden Price, Warden Hicks, and Warden Gary. Plaintiff seeks monetary and injunctive relief. In accordance with the usual practices of this court and 28 U.S.C. § 636(b)(1), the complaint was referred to the undersigned magistrate judge for a preliminary report and recommendation. *See McCarthy v. Bronson*, 500 U.S. 136 (1991).

The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, § 804, 110 Stat. 1321, and 28 U.S.C. § 1915A, requires this court to screen complaints filed by

prisoners against officers or employees of governmental entities and to dismiss the complaint or any portion of the complaint that it finds frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  Thus, under § 1915A, the court may *sua sponte* dismiss a prisoner's complaint prior to service.  Nevertheless, in order to protect a *pro se* prisoner's right of access to the courts, these complaints are read by less stringent standards than formal pleadings drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Harmon v. Berry*, 728 F.2d 1407, 1409 (11th Cir. 1984); *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976).

## FACTUAL ALLEGATIONS

On June 30, 2012, plaintiff was placed in disciplinary segregation and housed in a cell with inmate Cordarius Leonard where he remained for 59 days.  (Amend. Compl. at 3.)  On August 27, 2012, plaintiff was housed in a cell by himself.  *Id*.  On September 25, 2012, plaintiff was housed in a cell with inmate Johnny Fenn.  *Id*.  The cell did not have a light.  *Id*. at 4.  Plaintiff remained in this cell until October 3, 2012. (Amend. Compl. at 4.)  Plaintiff was housed in a cell by himself until October 11, 2012, when he was moved into a cell with Johnathan Osbourn.  *Id*.  Plaintiff was due to be released from segregation on the same day.  *Id*.  On October 19, 2012, plaintiff

was housed in a cell by himself until he was released to general population on November 4, 2012. *Id*.

Plaintiff complains that prison officials violated Alabama Department of Corrections ("ADOC") regulations by housing him in a cell with another inmate while in segregation. (Amend. Compl. at 3.) Plaintiff further complains that he was held in segregation 23 days past his release date. *Id*. at 4.

## II.  DISCUSSION

Plaintiff names ADOC Commissioner Kim Thomas, Warden Price, Warden Hicks, and Warden Gary as defendants but fails to state any cognizable claim against them. Specifically, he does not allege that any of these individuals were personally responsible for placing him in disciplinary segregation with another inmate or for keeping him in disciplinary segregation past his release date. Vague, general, or conclusory allegations are insufficient to merit relief under 42 U.S.C. § 1983, much less a complete lack of any allegation. *See Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984). Therefore, plaintiff's claims against Thomas, Price, Hicks, and Gary are due to be dismissed.

Even if plaintiff alleged in his complaint that the defendants were personally responsible for housing him with another inmate and extending his confinement in disciplinary segregation, his claims are still due to be dismissed. As an initial matter,

double celling is not, by itself, constitutionally impermissible.  *See Rhodes v. Chapman*, 452 U.S. 337, 348 (1981).  Plaintiff does not allege in his complaint that he was celled with an inmate who posed a substantial risk of harm to him while housed in segregation.  Neither does plaintiff allege in his complaint that he was subjected to inhumane living conditions as a result of sharing a cell with another inmate.  Thus, plaintiff's claims that he was forced to share a cell with a cellmate while in segregation are due to be dismissed.

Plaintiff also contends that his placement in a cell with another inmate violated ADOC regulations.  However, to sustain an action under § 1983, a plaintiff must show a specific constitutional or federal guarantee safeguarding the interests that have been violated.  *Paul v. David*, 424 U.S. 693, 696-97 (1976).  Where no underlying constitutional right exists, a § 1983 claim will not lie.  *See Wideman v. Shallowford Cmty. Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987).  The mere fact that agency regulations have been violated does not by itself raise a constitutional issue.  *United States v. Caceres*, 440 U.S. 741 (1979); *Caruth v. Pinkney*,  683 F.2d 1044 (7th Cir. 1982).  Plaintiff's claim that his placement in a cell with another inmate violates ADOC regulations fails to state a violation of any constitutional right to which he is entitled.

An inmate has a right not to be deprived of a protected liberty interest without due process of law.  Therefore, to prevail on his claim that 23 additional days in disciplinary segregation violated his constitutional right to due process, plaintiff must establish that he had a liberty interest in being free from confinement in disciplinary segregation.  *See Sandin v. Conner*, 515 U.S. 472, 487 (1995) ("The requirements of procedural due process apply only to the deprivation interests encompassed by the Fourteenth Amendment's protection of liberty . . . ."  *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 569 (1972)).

The U.S. Supreme Court in *Sandin v. Conner* explained that while no freestanding constitutional liberty interest exists in disciplinary segregation, state law, under certain circumstances, can create a liberty interest protected by the Due Process Clause in the context of "disciplinary changes in a prisoner's conditions of confinement . . . ." *Williams v. Fountain*, 77 F.3d 372, 374 n.3 (11th Cir. 1996) (quoting *Sandin v. Conner*, 515 U.S. 472 (1995)).  Those state created interests would be "limited to freedom[s] from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection under the Due Process Clause of its own force, *nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life*."  *Id.* (emphasis added).  In applying this standard to the inmate's case in *Sandin*, the Supreme Court found that

thirty (30) days disciplinary segregation was not an atypical or significant hardship from the plaintiff's ordinary conditions of incarceration in the Hawaii prison system. *See Sandin v. Conner*, 515 U.S. 472, 486 (1995).  As such, the inmate's disciplinary segregation did not amount to a grievous loss protected by the Due Process Clause.

In the present case, plaintiff makes no allegation that his extended confinement in disciplinary segregation presented "the type of atypical, significant deprivation [that] might conceivably create a liberty interest," *Sandin*, 515 U.S. at 486, or that the extended time in disciplinary segregation constituted a "dramatic departure" from the ordinary conditions of confinement for the general population at W.E. Donaldson Correctional Facility. *See Sandin v. Conner*, 515 U.S. at 458.  While the conditions of disciplinary segregation are less amenable and certainly more restrictive, plaintiff has not established that the conditions in disciplinary segregation, compared with conditions in general population, created a "major disruption" in his environment or unexpectedly exceeded his prison sentence in a manner that would evoke the protections of the Due Process Clause. *Id.* at 486-87.   Therefore, plaintiff's Fourteenth Amendment due process claim is due to be dismissed.

## RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

Accordingly, for the reasons stated above, the magistrate judge RECOMMENDS that this action be DISMISSED as failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1) and/or (2).

Plaintiff may file specific written objections to this report and recommendation within fifteen (15) days from the date it is filed in the office of the Clerk.  Failure to file written objections to the proposed findings and recommendations contained in this report and recommendation within fifteen (15) days from the date it is filed shall bar an aggrieved party from attacking the factual findings on appeal.  Written objections shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection.  IT IS NOT NECESSARY FOR PLAINTIFF TO REPEAT HIS LEGAL ARGUMENTS. AS TO THE FACTS, IF PLAINTIFF DOES RESPOND, HE SHOULD LIMIT HIMSELF TO ADDRESSING THE STATEMENTS OF FACT CONTAINED IN THE REPORT AND RECOMMENDATION TO WHICH HE OBJECTS; THE FILING OF OBJECTIONS IS NOT A PROPER VEHICLE TO MAKE NEW ALLEGATIONS OR PRESENT ADDITIONAL EVIDENCE.  Objections not meeting the specificity requirement set out above will not be considered by a district judge.

A party may not appeal a magistrate judge's recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a district judge.

The Clerk is DIRECTED to serve a copy of this report and recommendation upon the plaintiff.

DATED this 8th  day of November, 2013.

T. MICHAEL PUTNAM
U.S. MAGISTRATE JUDGE